UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED
2017 OCT -3 AM 9: 15

JANE DOE,[1]

    Plaintiff,

v.

HERNANDO COUNTY SCHOOL BOARD,

    Defendant.

_____/

CASE NO.: 8:17-cv-2306-T-35AAS

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **JANE DOE**, by and through her undersigned counsel, and brings this Complaint against Defendant, **HERNANDO COUNTY SCHOOL BOARD**, a Florida political subdivision, and alleges as follows:

### INTRODUCTION

1. This is an action arising from the sexual abuse and harassment by an employee of the Hernando County School Board ("Defendant HCSB") of a student, Jane Doe, at Frank W. Springstead High School (the "High School"), in Spring Hill, Florida, in violation of Title IX of the Education Amendment of 1972, 20 U.S.C. §§ 1681 *et seq.* ("Title IX") and Florida law.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff Jane Doe ("Jane Doe" or "Plaintiff") was at all times relevant hereto a minor, disabled, child and a resident of Hernando County, Florida. Jane Doe attended school at

---

[1] Consistent with other federal courts' treatment of party names in highly sensitive cases that arise under Title IX of the Education Amendments of 1972 and involving sexual activity, and to protect the privacy, safety, and dignity of Plaintiff and her family, Plaintiff is proceeding anonymously in this initial pleading. To the extent necessary, Plaintiff will seek appropriate relief from the Court to continue to proceed in this fashion and to otherwise protect her anonymity throughout this litigation.

the High School from August 2011 to October 2014. At the time of filing this Complaint, Plaintiff is an adult.

3. Jane Doe has not engaged in any action to compromise her anonymity or failed to take action which would preserve her anonymity. It is the public policy of the State of Florida to protect the names of victims of child abuse.

4. Defendant HCSB is a Florida political subdivision that receives federal funds and is charged with the primary responsibility of providing and administering a free and appropriate public education to the children of families in Hernando County, Florida. Accordingly, because Defendant receives federal funding and financial assistance within the meaning of 20 U.S.C. § 1681(a) it is subject to Title IX.

5. At all times relevant hereto, Defendant HCSB is a public school district authorized to operate and control the High School, where Jane Doe was a student.

6. Plaintiff has exhausted her administrative remedies as to the state law negligence counts, having served the requisite notice of claim letters on the Hernando County School Board and the State of Florida Department of Financial Services, as required by § 768.28(6)(a), Fla. Stat. on or about August 26, 2016. This action is thus timely filed.

7. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

8. Venue of this action lies in this Court pursuant to 28 U.S.C. §1391, as the Defendant is a citizen of Hernando County, Florida and the events and omissions giving rise to this action occurred within the jurisdiction of this Court.

## FACTS

9. At all times relevant herein, Jane Doe suffered from several health issues, including but not limited to, anxiety, depression, eating disorders, and associated behaviors. In or around April 2013, Plaintiff began cutting behaviors and self-harm. A medical health counselor assessed Jane Doe as being emotionally vulnerable. Defendant HCSB was aware of these issues through doctors' notes to the High School.

10. During the 2014-2015 school year, Todd Toomer was Jane Doe's home room teacher at the High School. At that time, Jane Doe was 17 years old.

11. At all times relevant hereto, Defendant HCSB employed Todd Toomer ("Toomer") to perform work and services at the High School. During the time that Jane Doe attended the High School, Toomer was a graphic design teacher and the girls' basketball coach. Toomer was also in charge of the High School's Halloween carnival, "Horror High", which was put on by the High School students under his direction and supervision.

12. Throughout Jane Doe's junior year at the High School, Toomer groomed her to gain her trust and develop an inappropriate relationship with her. Toomer knew of Jane Doe's mental health issues and she confided in him about issues with her family while he told her about his divorce.

13. In or around September 2014, Toomer began sexually harassing and abusing Jane Doe.

14. Beginning in September 2014, Toomer made several sexually inappropriate comments to Jane Doe. One such instance occurred in September 2014, while Jane Doe was helping with the Horror High Halloween event that Toomer was in charge of running for the

school. As Jane Doe was working with paper mache, Toomer made a comment to Jane Doe about him being sure that was not the first time she had white sticky stuff all over herself.

15. In September 2014, Toomer regularly made sexual comments about Jane Doe's appearance and acted flirtatiously with her. Approximately one week after Toomer began sexually harassing Jane Doe, he pulled her ponytail while she was kneeling and slipped a piece of paper with his phone number into Jane Doe's back pocket.

16. Toomer began texting Jane Doe and engaged in inappropriate and sexually explicit communications with her via Facebook and Skype.

17. Sometime between approximately September 15, 2014 and early October 2014, Toomer began taking Jane Doe into a locked storage room in the High School. The storage room was regularly left open for students to come and go as they pleased. However, when Toomer brought in Jane Doe, the storage area was then locked with the shades drawn. While in the locked storage room, Toomer digitally penetrated Jane Doe around 15 times, pinched her breasts, and hit her buttocks hard enough to leave his hand prints, choked her, and asked her to call him "master." This occurred for one week on every day of the school week in the storage closet at the High School. Over the next weekend, Toomer asked Jane Doe to send him sexually explicit pictures.

18. Thereafter, the sexual abuse and harassment of Jane Doe by Toomer occurred for two more school days. On the second day of that next school week, Toomer commanded Jane Doe to perform oral sex on him. He spoke of his sexual fantasies that included tying someone up, rape, and clown fantasies, and told Jane Doe that he had accomplished most of them. After this event, Jane Doe informed her older sibling about the sexual abuse and harassment. Jane Doe was 17-years old at the time of these events.

19. On or about October 3, 2014, a report of Toomer's sexual abuse and harassment of Jane Doe was documented at the High School.

20. On or about October 8, 2014, Jane Doe participated in a recorded interview at the Child Advocacy Center of Hernando County, at which time she disclosed the sexual abuse and harassment she had been subjected to by Toomer.

21. On or about October 9, 2014, almost a week after the initial report was documented, Toomer admitted to his unlawful and abusive behavior and was placed under arrest, charged with three counts of sexual battery on a person 12 to 18 years of age by a person of familial or custodial authority, and escorted from the school.

22. The same day Toomer was escorted out of the High School by police, he told Patricia Belmont, a substitute teacher, to vacuum and wipe down his classroom.

23. After the abuse by Toomer, Jane Doe endured self-harm, an eating disorder, and was diagnosed with suffering from trauma and post-traumatic stress disorder.

24. As a result of the sexual harassment and abuse at the High School, Jane Doe was forced to leave school and receive hospital homebound services so that she could undergo treatment.

25. As an employee of Defendant HCSB and prior to the sexual abuse of Plaintiff in September 2014, Toomer regularly coached the girls' basketball team at the High School and referred to them as "Toomer's Girls."

26. During his tenure of being in charge of the High School's Halloween Horror High event prior to September 2014, Toomer referred to certain female students as "Candies" and "Candy Girls," and required the female students to dress up in revealing costumes to promote the Halloween event during the 2013 Homecoming Carnival. Several teachers at the High School

asked the girls to leave the event because of the way they were dressed, however, the girls were allowed to stay because they were promoting a school event.

27. Prior to September 2014, Toomer provided the revealing costumes to some female students and assisted other female students in creating their own.

28. Prior to September 2014, Toomer created a poster for the Horror High event that depicted girls in revealing costumes. When confronted by a female student regarding the inappropriateness of the poster, Toomer informed the student that the poster was approved by Principal Susan Duval ("Principal Duval") and viewed by other administrators and teachers. All of this occurred at the High School under the supervision and approval of Defendant HCSB employees.

29. Principal Duval was invested by Defendant HCSB with supervisory authority over Toomer and all other High School employees.

30. Evelyn Rios, a secretary in the guidance office at the High School and mother of a former student of the High School, confronted Toomer prior to September 2014, about a risqué corset he gave to her daughter to wear for the Horror High event.

31. During his time at the High School, as an employee of Defendant HCSB, Toomer preyed on at least five (5) other female students over a four (4) year period prior to his sexual abuse of Plaintiff and sexually abused and harassed them.

32. It was reported to the High School that Toomer bragged about his "porn career" and told sexually explicit stories in class. Toomer also sent his female victims at the High School sexual pictures of himself and told them that he was thinking of them while he masturbated and even sent a victim video of him masturbating.

33. Prior to September 2014, Toomer kissed another female victim of his sexual abuse on school grounds.

34. Another female victim of Toomer who graduated the High School in 2013 engaged in a sexual relationship with Toomer for three (3) years prior to 2014.

35. Prior to the sexual abuse of Plaintiff, it was well known among the student body at the High School that Toomer favored female students and had inappropriate communications and encounters with female students.

36. Prior to the sexual abuse of Plaintiff, it was known among the student body of the High School that Toomer utilized a storage room at the High School to sexually abuse female students.

37. Prior to the sexual abuse of Plaintiff, Toomer communicated with several female students through text message, Facebook, and Skype. Toomer had multiple Facebook accounts that he used to sexually abuse and harass his female students.

38. Prior to the sexual abuse of Plaintiff, Toomer gave his favorite female students nicknames such as "Toomer's Girls," "Candy Girls" and "Chuckle's Chicks" and the nicknames were well known among his students.

39. Prior to the sexual abuse of Plaintiff, Toomer was a well-known perpetrator of sexual behavior toward female students at the High School. Defendant HCSB allowed Toomer's sexual harassment and abuse to continue for years.

40. Sexual harassment and abuse of students is a pervasive issue for Defendant HCSB, to which it was deliberately indifferent.

41. In 2003, Richard Ortiz, the girls' track coach at Central High School, a school within the District controlled by Defendant HCSB, was charged with two (2) misdemeanor counts of battery for inappropriately touching female team members.

42. In 2004, James Jensen, a teacher at Central High School, was arrested for soliciting a 16-year old student to perform oral sex.

43. In March 2005, Dan Madril, the golf coach at Parrot Middle School, a school within the District controlled by Defendant HCSB, was arrested and charged with three (3) counts of voyeurism when he hung from the ceiling in the school gymnasium and watched a 20-year old female and two female students undress.

44. In July 2009, Timothy Brightbill, the band director at Nature Coast Technical High School, a school within the District controlled by Defendant HCSB, pled guilty to having sexual relations with a 17-year old female student.

45. In February 2015, Jessica Moen, a secretary at Hernando High School, a school within the District controlled by Defendant HCSB, was forced to resign after allegations were made that she had sexual relations with seven (7) to eight (8) students.

46. On or about May 24, 2017, an employee of Defendant HCSB working at Fox Chapel Middle School, a school within the District controlled by Defendant HCSB, was arrested for sexually abusing a student on school grounds.

47. All conditions precedent to the filing of this action have been satisfied and the action is timely filed.

## COUNT ONE
## 20 U.S.C. §§ 1681 *et seq.*
### Title IX – Hostile Education Environment, Sexual Harassment

48. Plaintiff incorporates by reference herein and realleges the allegations in Paragraphs 1 through 47 above as though set forth fully herein.

49. Title IX provides, in relevant part, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

50. Defendant HCSB receives federal financial assistance for the operation of its schools.

51. Plaintiff's gender, female, is protected by Title IX.

52. Plaintiff was sexually harassed and abused repeatedly by Toomer, an employee of Defendant HCSB, when he coerced her to engage in sexual acts on school grounds and communicate in a sexually explicit manner in and out of school within the context of an intimate personal relationship based on Plaintiff's sex.

53. The sexual harassment and abuse by Toomer created a sexually abusive educational environment for Plaintiff.

54. Prior to the sexual harassment and abuse of Plaintiff, Toomer sexually harassed and abused other female students in the same or similar manner as Plaintiff over a number of years at the High School.

55. Defendant HCSB, by and through Principal Duval and other employees in a position of authority to institute corrective measures for Defendant, had actual notice of the sexually hostile educational environment created by Toomer.

56. Defendant HCSB, by and through Principal Duval and other employees of Defendant in a position of authority to institute corrective measures for Defendant, had the authority to end the sexually hostile educational environment and the sexual abuse and harassment Plaintiff was subjected to that resulted from Toomer's misconduct.

57. Defendant HCSB, by and through Principal Duval and other employees of Defendant in a position of authority to institute corrective measures for Defendant, failed to end the sexually hostile educational environment and the sexual abuse and harassment Plaintiff was subjected to by Toomer.

58. Defendant HCSB, by and through Principal Duval and other employees of Defendant in a position of authority to institute corrective measures for Defendant, were deliberately indifferent to Toomer's misconduct.

59. Defendant HCSB's conduct, as set forth herein, was in violation of Title IX's mandates against sexual harassment and discrimination, for which Defendant HCSB is liable to Plaintiff.

60. As a result of Defendant HCSB's deliberate indifference to the sexually hostile educational environment created by Toomer and his misconduct, Plaintiff was sexually harassed, discriminated against and sexually abused by an employee of Defendant HCSB, and Plaintiff has suffered and continues to suffer physical and emotional distress and damage, and humiliation as well as other damages.

### COUNT TWO
### Negligence – Failure to Supervise

61. Plaintiff incorporates by reference herein and realleges the allegations in Paragraphs 1 through 47 above as though set forth fully herein.

62. Defendant HCSB owed a duty of reasonable care to Plaintiff to supervise its employees within the High School.

63. By at least the Fall of 2013, Defendant HCSB was put on notice that Toomer had created a sexually hostile environment at the High School when he forced female students to wear revealing costumes to a school function in order to promote the High School's Halloween event.

64. Defendant HCSB was also put on notice of the sexually hostile environment at the High School when Principal Susan Duval, an employee of Defendant HCSB, approved a sexually graphic poster created by Toomer, that was used to promote a school function.

65. Defendant HCSB failed to notice that a room in the storage area of the High School was being left open for students to come and go as they pleased and was then locked with the shades drawn when Plaintiff was brought to the storage area by Toomer.

66. Defendant HCSB breached its duty by failing to supervise and address its employees' actions and inactions that led to this sexually hostile and discriminatory environment created by Toomer.

67. As a direct and proximate result of Defendant HCSB's failure to supervise its employees within the High School, Plaintiff has suffered and continues to suffer physical and emotional distress and damage, and humiliation as well as other damages.

## COUNT THREE
### Negligent Retention

68. Plaintiff incorporates by reference herein and realleges the allegations in Paragraphs 1 through 47 above as though set forth fully herein.

69. During the course of Toomer's employment, Defendant HCSB was aware or should have become aware of Toomer's sexual harassment and abuse of female students at the High School.

70. Toomer's conduct, as set forth herein, shows that he was unfit to be an employee of Defendant HCSB, working with female minors.

71. Defendant HCSB breached its duty to use reasonable care in retaining Toomer, an employee that was unfit for the position in which he was hired.

72. As a result of Defendant HCSB's breach of their duty of care by negligently retaining Toomer, Plaintiff has suffered and continues to suffer physical and emotional distress and damage, and humiliation as well as other damages.

## COUNT FOUR
### Negligence

73. Plaintiff incorporates by reference herein and realleges the allegations in Paragraphs 1 through 47 above as though set forth fully herein.

74. Defendant HCSB had a duty of reasonable care to protect Plaintiff from a sexually hostile and discriminatory environment that Defendant HCSB created and that was foreseeable.

75. Defendant HCSB knew or should have known about the sexual harassment and abuse that occurred at the High School over a four (4) year period at the hands of its employee, Toomer, when, inter alia: (1) Toomer engaged in sexual relationships with other female students, (2) Toomer forced female students to wear revealing and inappropriate costumes to a school function in order to promote a school event, (3) Toomer made inappropriate sexual comments to students in his classroom, and (4) Toomer created a sexually graphic poster in order to promote the High School's Halloween event.

76. Defendant HCSB employees at the High School actively and passively contributed to the sexually hostile and discriminatory environment that made the likelihood of sexual harassment and abuse toward Plaintiff and other female students foreseeable.

77. Defendant HCSB breached its duty of care to Plaintiff through its aforementioned actions and inactions, without any regard for the safety of its female students, like Plaintiff, at the High School.

78. As a direct and proximate result of Defendant HCSB's actions and inactions, Plaintiff has suffered and continues to suffer physical and emotional distress and damage, and humiliation as well as other damages.

**WHEREFORE**, Plaintiff, Jane Doe, respectfully requests that this Honorable Court grant the following relief:

A. Enter judgment on behalf of Plaintiff and against Defendant on all Counts herein;

B. Award Plaintiff compensatory damages against Defendant in an amount to be determined in a jury trial;

C. Award Plaintiff reasonable attorneys' fees, court costs, expenses, pre-judgment interest, and post-judgment interest; and

D. Such other and further relief as the Court deems just and proper.

Dated: October 2, 2017

Respectfully submitted,

/s/ Neil L. Henrichsen
Neil L. Henrichsen
Fla. Bar No. 0111503
Helen H. Albee
Fla. Bar No. 987247
HENRICHSEN SIEGEL, P.L.L.C.
301 West Bay Street, Suite 1400
Jacksonville, Florida 32202
(904) 381-8183
(904) 212-2800 (facsimile)
nhenrichsen@hslawyers.com
halbee@hslawyers.com
Copies to: service@hslawyers.com

Attorneys for Plaintiff

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: October 2, 2017

Respectfully submitted,

/s/ Neil L. Henrichsen
Neil L. Henrichsen
Fla. Bar No. 0111503